## Medard Hartrath v. Henry K. Holsman.

### Gen. No. 12,554.

1.  WORDS AND PHRASES—*"erected" as used in contract, defined.*
The word "erected" held, in this case, as synonymous with "completed," but that, according to the context, the word "erected" may sometimes be a synonym for "completed" or have an independent and distinct meaning.

2.  COMPROMISE—*effect of offer of.* An offer to compromise for a sum less than that claimed, or even the presentation of a bill for a sum less than that claimed, does not bar the assertion of the right to a larger sum.

Mechanic's lien proceeding. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed July 2, 1906.

**Statement by the Court.** This is an appeal from a decree of a chancellor in the Superior Court of Cook County entered April 21, 1905, in a mechanic's lien suit.

The bill or petition to enforce the lien claimed was by an architect (the appellee), who claimed therein that he had been employed by the appellant under a written contract (set forth as an exhibit) to draw and prepare plans and specifications and supervise the erection of a flat building on certain described premises, and that appellant had but partly paid him, and still owed him $167 with interest from August 1, 1902; that on September 9, 1902, he filed a claim for lien as provided by law, and that he was entitled to a lien under the Mechanics' Lien Act approved June 26, 1895.

The answer of appellant to the petition admitted the contract as set forth in the exhibit, but denied that appellee had complied with it or that he was entitled to a lien.

The decree found that the defendant (appellant) was the owner of the premises described; that on September 6, 1901, he entered into a contract with the complainant (appellee); that complainant completed his work August 1, 1902, and the defendant thereupon accepted it; that all delays were occasioned by changes in plans and specifications

made at the request of defendant; that a sufficient claim for lien was filed September 9, 1902, and that the complainant was entitled to a lien for $161.74, and ordered that in default of payment thereof the premises in question should be sold.

The assignments of error made and argued are that the contract was not sufficient to sustain a claim for a lien in that it fixed no time for the completion of the contract and time of payment; that appellee was not entitled to $71.70 allowed in the decree for extras; that improper evidence was admitted on behalf of complainant, and that the decree is for $19.74 more than the chancellor at the close of the trial announced his intention of entering it for.

JOHN W. ELLIS, for appellant.

CHARLES W. CHASE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The principal point made by appellant is that the contract on which the claim for a lien in this case is based does not provide a time for the completion of the contract and for the time of payment, and therefore under the law will not sustain the appellee's claim.

The contract in its first paragraph reads:
"*Mr. Medard Hartrath.*

The undersigned (*Henry K. Holsman*) proposes to furnish architectural service for your flat building to be erected on or before 1st May, 1902, at 69th and Washington Ave.," etc.

Appellee contends and the chancellor below held that this sufficiently determined the time for the completion of the contract, and that as the contract provides that "Payments are due successively as my work is completed in the order and proportion of the above classification." "For full professional services (including supervision) five per cent. upon the cost of the work," the time of payment is also specified.

The appellant replies to this by insisting that there is a

distinction between "erecting" a building for which the contract provides a time limit, and "completing" a building, for which the contract should have provided a time limit to make it sufficient for a basis for this proceeding. To establish this contention he cites Johnston v. Ewing Female University, 35 Ill. 518, where (at page 528) the court says: "There is a great difference between erecting a building and completing one. A building may be said, without doing violence to language, to be erected when the walls are up and the material on the ground to complete it."

Despite the directness of the language quoted, it is an instance of a citation "where the letter killeth and the spirit maketh alive." An examination of the case for the principle involved shows at once that the general principle expressed is that it is not the nice, exact and precise meaning of a word that is to be always taken as its import in a contract, but rather what the parties intended by it as gathered from the contract and the circumstances. Moreover, the particular application of that principle in the Ewing University case was only that in that case "erected" was not by the parties used as synonymous with "completed," and that it was not imperative that it should be so construed.

The general principle announced may well govern the case at bar, and a similar application of it lead to a different result. We think that result may be thus stated: The parties to this contract used the word "erected" as synonymous with "completed," and there is no reason why it may not be thus interpreted. It may mean "completed", and it may not. Here it does. We think the chancellor below was right in deciding that the contract involved in this case fixed both a time for its completion and for payments.

There is nothing in the objection made to the testimony of appellee as to the extras charged for. The essential part of it objected to was called out by the cross-examination of the appellant's counsel. There is nothing unusual or im-

proper in appellee making a claim for the full amount he thinks legally due under the contract, although he has before offered to settle for less or presented a bill for less. Of course such a charge of less can be used in evidence and argument as tending to show a defense to the additional amount claimed, but that proposition is not in question here. We do not deem the other matters argued concerning the evidence and procedure below require discussion from us.

The objection that the decree entered April 21, 1905, was for $161.74, although on March 23, 1905, the chancellor announced his intention of entering one for $142 only, is not well taken. The chancellor evidently meant to declare that $142 was due at the date that Mr. Holsman made the demand which was disregarded, namely, July 8, 1902. Interest on that amount from that day to the date of the decree makes up the difference complained of.

The decree of the Superior Court is affirmed.

*Affirmed.*